**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ISRAEL SPENCE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY COMMERCIAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-01186-S<br><br>Hon. Karen G. Scholer |
| LAUREN FLINT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY COMMERCIAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-01315-S<br><br>Hon. Karen G. Scholer |
| JIMMY CASTELLANOS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY COMMERCIAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-01330-S<br><br>Hon. Karen G. Scholer |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules of the United States District Court for the Northern District of Texas ("LR"), and the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Northern District of Texas, the Court **ORDERS** as follows:

1. This case is set for **JURY** trial on the Court's three-week docket beginning within 120 days of this Court's decision on any Motions for Summary Judgment ("Trial Setting").[1] If the case is not reached at this setting, it will be reset after considering input from the parties. Reset or continuance of the Trial Setting does not alter the deadlines in this Order unless expressly provided by court order.

2. The parties shall mediate this case before a mutually selected Mediator at least 90 days before the Trial Setting. The parties may not eliminate this requirement or substitute the Mediator except by leave of court. All parties must attend the mediation in person or by videoconference, as directed by the Mediator. Legal entities must provide a representative with full authority. If there is insurance involved, a representative with full authority must attend. The Mediator shall contact the Court directly if this deadline needs to be extended or if other requirements need to be altered.

3. The parties may by written agreement alter the deadlines in this paragraph without the need for court order. The Parties agree to the following proposed case schedule to govern, should the Court grant the motion to consolidate. Should the Court deny the motion to consolidate,

[1] Because the Plaintiffs have filed an unopposed motion to consolidate all of the above-captioned matters, the Parties have submitted this same proposed scheduling order in each of the related actions pending before this Court.

the Parties shall meet and confer and propose a proposed case schedule to enter in each of the related actions. Pre-certification deadlines are as follows:

| | |
|---|---|
| Consolidated Complaint Filing | August 24, 2026 |
| Defendant's Response to Consolidated Complaint/Motion to Dismiss | October 7, 2026 |
| Plaintiffs' Opposition to Motion to Dismiss *(should Defendant respond via Motion to Dismiss)* | November 23, 2026 |
| Defendant's Reply in Support of Motion to Dismiss *(should Defendant respond via Motion to Dismiss)* | December 21, 2026 |
| Initial Disclosures (Rule 26(a)(1)) | 30 days after Court enters order on Defendant's Motion to Dismiss |
| Amendment of Pleadings | 75 days after Court enters order on Defendant's Motion to Dismiss |
| Fact (Non-Expert) Discovery Cutoff for Class Certification | 210 days after Court enters order on Defendant's Motion to Dismiss |
| Deadline for Plaintiffs to File Motion for Class Certification (including all supporting declarations, evidence, and expert reports) | 60 days after the close of Non-Expert Class Certification Discovery |
| Defendant's Opposition to Class Certification (including all supporting declarations, evidence, and expert reports) | 60 days after Plaintiffs file Motion for Class Certification |
| Plaintiffs' Reply in Support of Class Certification (including any rebuttal expert reports) | 45 days after Defendant files Opposition to Motion for Class Certification |
| Hearing on Motion for Class Certification | TBD By Court |

4. Upon the Court's decision on any motion for class certification, all dispositive motions, including motions for summary judgment or objections to expert testimony, must be filed

within 90 days of this Court's order regarding class certification.[2] Parties may not alter this deadline by agreement. All such deadlines shall run from the date of the order regarding certification as follows:

| | |
|---|---|
| Motion for Summary Judgment Filing Deadline | + 90 days |
| Deadline for Parties' Briefs in Opposition to MSJ | + 135 days |
| Deadline for Parties' Reply Briefs in Support of MSJ | + 165 days |

5. A motion or objection to the taking of a deposition that is filed within five business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise, the deposition will not be stayed except by court order.

6. The parties shall file all pretrial materials 21 days before the Trial Setting. Failure to timely file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

a. Pretrial order pursuant to LR 16.4;

b. Exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and FRCP 26(a)(3). Witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and the likelihood of testimony at trial. Exhibit lists must include any materials to be shown to the jury, including demonstrative aids;

c. Proposed jury charge or proposed findings of fact and conclusions of law. Such documents shall be both e-filed and emailed in "Word" format to. Any objections to the proposed jury charge shall be filed no later than five days before the final pretrial conference. Objections not so disclosed are waived unless excused by the Court for good cause;

[2] If deemed necessary, within seven (7) days of the Court's decision on any motion for class certification, the parties shall submit a joint status report advising the Court as to whether additional discovery is needed and, if so, proposing a schedule for the completion thereof.

d. Motions in limine;

e. Requested voir dire questions.

7. The pretrial conference shall be held on the Monday before Trial Setting, **at 1:30 p.m.** Lead counsel must attend. The parties shall be prepared to address all exhibits, witnesses, deposition excerpts, motions in limine, trial briefs, requested voir dire questions, and any objections to such filings. The Court expects the parties to have conferred and to reach agreement where possible prior to the final pretrial conference.

8. Continuance of the Trial Setting, dispositive motions deadline, and/or the final pretrial conference requires leave of court with a showing of good cause. Motions may become moot due to trial if filed after the deadlines in this Order.

**SO ORDERED.**

SIGNED ________, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**